UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
RABBI JACOB JOSEPH SCHOOL            :
                                     :
                    Plaintiffs,      :        04 Civ. 9102(HB)
                                     :
            -against-                :        **Order**
                                     :
PROVINCE OF MENDOZA et. al.,         :
                                     :
                    Defendants.      :
------------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:**

  WHEREAS, on March 25, 2005, this Court ordered, "with the exception of the plaintiff's claim to recover monies currently due on the subject Bonds, which claim is dismissed without prejudice, the balance of the action is dismissed with prejudice as against all defendants" (Dckt. 13); and,

  WHEREAS, on April 21, 2005, Plaintiff, by letter motion ("Certification Motion"), sought certification to permit consolidation of Plaintiff's case with the pending appeal in <u>Greylock Global Opportunity Master Fund Ltd. et al v. Province of Mendoza</u>, No. 05 Civ. 1414, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure ("Rule 54(b)"); and,

  WHEREAS, on the same day, the Second Circuit issued a scheduling order noting: "It is anticipated that this apparently <u>premature</u> appeal will be withdrawn <u>by stipulation</u>, in light of the dismissal of one of plaintiff's claims "without prejudice." See <u>Chappelle v. Beacon Communications Corp.</u>, 84 F.3d 652 (2d Cir. 1996)," <u>RJJS v. Province of Mendoza</u>, No. 05-1803-CV (2d Cir. Apr. 21, 2005) (emphasis in original); and,

  WHEREAS, on May 3, 2005, this Court referred Plaintiff's Certification Motion to Magistrate Judge Fox for a Report and Recommendation ("R&R") and, subsequently, denied reconsideration of the referral on May 10, 2005 (Dckt. 16); and,

  WHEREAS, on June 3, 2005, Magistrate Judge Fox issued an R&R which concluded that "the March 25th Order is a final, appealable order under 28 U.S.C. 1291," and the Plaintiff's application is moot (R&R, at 2) (Dckt. 17); and,

  WHEREAS, "this Court reviews an R&R for clear error, but reviews de novo those portions of the R&R to which a party interposes an objection," <u>Leider v. Ralfe</u>, No. 01 Civ.

1

3137, 2005 WL 152025, (S.D.N.Y. Jan. 25, 2005) (Baer, J.); and,

WHEREAS, Defendant objects to the R&R in toto and, in particular, argues that the R&R misconstrued the requirements of the final judgment rule; and,

WHEREAS, Rule 54(b) provides, in pertinent part, "[w]hen more than one claim for relief is presented in an action . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment," Fed. R. Civ. P. 54(b); and,

WHEREAS, it is well settled in this Circuit that, in general, a plaintiff cannot appeal an adverse decision on some claims by simply voluntarily dismissing the remaining claims without prejudice, see e.g., Chappelle v. Beacon Communications Corp., 84 F.3d 652 (2nd Cir. 1996); see Purdy v. Zeldes, 337 F.3d 253 (2d Cir. 2003) (same); and,

WHEREAS, in accordance with Chappelle, which governs here, a party can appeal following a voluntary dismissal with prejudice in two limited circumstances: (1) "when the plaintiffs' solicitation of the formal dismissal was designed only to expedite review of a prior order which had in effect dismissed plaintiffs complaint" and (2) "when there is an adverse ruling disposing of fewer than all of the plaintiff's claims following the plaintiff's voluntary relinquishment of its remaining claims with prejudice." Chappelle, 84 F.3d at 653; and,

WHEREAS, Defendants maintain that Plaintiff's First Cause of Action, which it consented to having dismissed without prejudice, is so closely related to its other claims, which this Court dismissed with prejudice, that Rule 54(b) certification is inappropriate; and,

WHEREAS, while this Court did not explicitly cite Rule 41(a) of the Federal Rules of Civil Procedure in the March 25 Order, Plaintiff nevertheless submitted a proposed order, and obtained dismissal of their first claim voluntarily in an effort to secure an immediate appeal; and,

WHEREAS, the dismissal of Plaintiff's First Cause of Action without prejudice, a claim closely related to its other claims and because the general view is that Rule 54(b) certification of the dismissal of fewer then all the claims in any action shall be denied where similar issues remain to be litigated; and,

WHEREAS, the dismissal of Plaintiff's First Cause of Action does not preclude another action on the same claims -- indeed, Plaintiff vigorously opposed the inclusion of such language in their proposed order -- and would provide Plaintiff with an otherwise unavailable

2

in their proposed order -- and would provide Plaintiff with an otherwise unavailable interlocutory appeal, See Chappelle, 84 F.3d at 654; Purdy, 337 F.3d at 258; it is hereby

ORDERED, that Defendant's Objections to the R&R are SUSTAINED, Plaintiff's Certification Motion is DENIED, the Clerk of the Court is to close this motion and any open motions and remove this case from my docket.

**IT IS SO ORDERED.**
**New York, New York**
**July 7, 2005**

_____
U.S.D.J.